## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF SOUTH CAROLINA

In Re:

Steven E. Lanham, DDS, PA                                    Case No. 15-00401-JW

220 Tattlers Trail

Irmo, SC 29063                                               Chapter 11

Tax ID/EIN: 30-0008454

Dba Health Smilz

Dba The South Carolina Dental Center

Dba Dr. Steven E. Lanham and Associates

                        Debtor-in-Possession

_____

## PLAN OF REORGANIZATION, WHICH INCLUDES MOTIONS TO VALUE, AND ACCEPTANCE OR REJECTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS.

### ARTICLE I

The following terms, when used in the Plan, shall, unless otherwise indicated or the context otherwise requires, have the following meanings.    The singular shall include the plural.

1.01    "Administrative Claim" shall mean a claim for any cost or expense of administration in connection with this    Chapter 11 case, including, without limitation, the actual, necessary costs and expenses of preserving the Debtor's Estate (other than such claims or portions thereof, which, by their express terms, are not due or payable by confirmation), taxes, services or reimbursement of costs and expenses under Section 330 or Section 503 of the Bankruptcy Code or otherwise allowed by the Court, and all fees and charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

1.02    "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1994, and of 2005 ("BAPCPA")    as contained in Title 11 U.S.C. and amendments thereto.

1.03    "Bar Date" shall mean the deadline established by the Court, after which any proof of claim filed will have no effect on the Plan.

1.04    "Claim" shall mean a right to payment from the Debtor's Estate which is evidenced by a timely filed proof of claim which is allowed by the Court, or if a proof of claim is not filed by the creditor, a right which otherwise appears in the Debtor's Bankruptcy Schedules and (i) is not scheduled as disputed, contingent or unliquidated, or, (ii) has not been resolved by Final Order of the Court in this Reorganization Case.

1.05    "Confirmation Date" shall mean the date set by the Court pursuant to Section 1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court enters an order determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code.

1.06    "Court" shall mean the United States Bankruptcy Court for the District of South Carolina presiding over the Reorganization Case, or, if necessary the United States District Court of the District and Division having original jurisdiction over the Reorganization Case.

1.07    "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as designated in Section 101(4) of the Bankruptcy Code.

1.08    "Creditors' Committee" shall mean the Official Unsecured Creditors' Committee established by Orders of the Court.

1.09    "Debtor"    or    "Debtor-in-Possession"    shall    mean Steven    E.    Lanham,    DDS, PA.

1.10    "Effective Date" shall mean the fifteenth day following the date of the Order Confirming Plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or supersedes bond is approved and filed; but, in the event a stay is granted or supersedes bond is approved and filed, then it shall be the date on which the Order Confirming the Plan becomes a Final Order.

1.11    "Estate" shall mean the Estate created by the commencement of the Reorganization Case.

1.12    "Filing Date" shall mean January 26, 2015, the date upon which this Reorganization Case was commenced.

1.13    "Final Decree" shall mean the order of the Court entered after all payments and distributions of Monies called for under the Plan have been made (i) discharging the Trustee, if any and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the Reorganization Case.

1.14    "Final Order" shall mean an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal or seek review or rehearing having expired, has become conclusive of all matter adjudicated thereby and is in full force and effect.

1.15    "Judgment Creditor" shall mean any Creditor which obtained a final judgment against the Debtor and which abstracted such judgment in the real property records of any county in which the Debtor owned

real estate, provided that such abstract was filed more than ninety (90) days prior to the commencement of this case.

1.16   Lien shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on Property as is effective under applicable law as of the date of the commencement of the Reorganization Case.

1.17   Monies shall mean all cash, income or proceeds from the sale or other disposition of Property.

1.18   Order Confirming Plan@ shall mean the order of the Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code.

1.19   Plan shall mean Steven E. Lanhan, DDS, PA's Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

1.20   Property shall mean the property of the Estate which shall be administered by the Trustee if one is appointed or by the Debtor-in-Possession if no Trustee is appointed.

1.21   Pro Rata shall mean a distribution to each holder of a claim in the same proportion that the allowed amount of such holder's claim bears to the total of all claims on the Confirmation Date.

1.22   Reorganization Case shall mean the case for the reorganization of the Debtors now pending in Court and styled: IN RE: Steven E. Lanhan, DDS, PA: Case No: 15-00401-JW.

1.23   Secured Claim shall mean the claim of any creditor secured by Liens on Property, which Liens are valid, perfected and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with Section 506 of the Bankruptcy Code.

1.24   Trustee shall mean the person, if any, approved by the Court pursuant to 11 U.S.C. Section 1104 to administer the Estate pursuant to the terms of the Plan.

1.25   Unsecured Claim shall mean the Claim of any Creditor of the Debtor(s) other than a Secured Claim, and shall include a Claim arising out of the rejection of an executory contract against the Debtor(s) and shall also include a judgment creditor who either (i) did not abstract such judgment in any county in which the Debtor(s) owned real property or (ii) abstracted such judgment within ninety (90) days of the commencement of the case.


ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS


2.01   Class I - Administrative Claims and Claims entitled to priority under Section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7)   of the Bankruptcy Code.

2.02    Class 2 - Claims entitled to priority under Section 507(a)(2), 507(a)(3), and 507(a)(8) of the Bankruptcy Code.

2.03    Class 3(A) through 3(E) - Secured Claims held by creditors with security interests in personal and/or real property, including stock.

2.04    Class 4 - Claims of Judgment Creditors and Mechanics Liens.

2.05    Class 5 - Executory Contracts and Unexpired Leases.

2.06    Class 6 - Claims of General Unsecured Creditors.

2.07    Class 7 - Equity ownership shall compose Class 7.

### ARTICLE III

### TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.01    Class 1 Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a Class of claims of a kind specified in '507(a)(1), 507 (a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code, each holder of such Class will receive:

   (i)    if such Class has accepted the Plan, deferred cash payments of a value, as of the effective date of the Plan, equal to the allowed amount of such claim, or

   (ii)   if such Class has not accepted the Plan, cash on the effective date of the Plan equal to the allowed amount of such claim.

3.02    Class 2 Except to the extent that the holder of a particular claim has agreed to a different treatment, with respect to a claim of a kind specified in '507(a)(2) or 507(a)(3) of the Bankruptcy Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.    As to a claim of a kind specified in '507(a)(8), the holder of such claim will receive on account of such claim regular installment payments in cash,

   (i)    of a total value, as of the effective date of the plan, equal to the allowed amount of such claim;

   (ii)   over a period ending not later than 5 years after the date of the order for relief under '301, 302, or 303; and

   (iii)  in a manner not less favorable than the most favored non-priority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under '1122(b).

3.03    Class 3(A) through 3(E)   Secured Claims held by Creditors with security interests in real and/or personal property, including stock, shall be paid in monthly installments beginning on the Effective Date of the Plan and continuing until such time as they are paid in full, unless the collateral securing these debts is to be surrendered, in which case any deficiency shall be treated as an unsecured claim.   The Property securing the Secured Claims will remain subject to the liens and interest of each secured Creditor to the extent of the value of the collateral until such claims are paid.   Class 3(A) through 3(E)

shall be treated as separate classes for voting purposes, and shall be deemed to be impaired.   If Property upon which a lien or mortgage has been perfected is sold, then the value of such allowed secured claim shall be paid from proceeds of the sale in the order of priority according to 11 U.S.C. Section 363 and all other applicable sections of the Code.

3.04   Class 4   Judgment Creditor Claims and Mechanics Liens, if any, are impaired under the Plan.   If Property upon which a Judgment or Mechanics Lien has been perfected is sold, then such Class shall be paid their allowed Claims without interest from any proceeds remaining from the sale of that Property to which any judgment or mechanics lien attached, in the order of the date of filing of such liens, but only after all Class 3 claims secured by such property have been paid in full.   Otherwise, Judgment and Mechanics Lien Creditors shall be paid in monthly installments beginning on the Effective Date of the Plan and continuing until such time as they are paid in full.    To the extent of any deficiency, Judgment and Mechanics Lien Creditor Claims shall be treated as Unsecured Claims.

3.05   Class 5   Executory Contracts and Unexpired Leases.    All Contracts which existed as of the Filing Date between the Debtor(s) and any individual or entity, whether such contract be in writing or oral, which have not heretofore been accepted by Final Order, or in the debtor's chapter 11 plan, are hereby specifically rejected.   Any person or entity claiming rights under an executory contract or unexpired lease rejected pursuant to the provisions of this Article or 11 U.S.C. Section 365 shall have thirty (30) days after the Confirmation Date to file a proof of claim, or such additional time as the Court, before that date, may allow.   This Class is deemed to be impaired.

3.06   Class 6   Claims of General Unsecured Creditors shall be impaired under the Plan.   Such Class shall be paid a percentage of their allowed Claims without interest after the Effective Date as set forth in this Plan of Reorganization.   This Class is deemed to be impaired.

3.07   Class 7   Equity Ownership.   This class will receive no monies; however, the stock ownership if the Debtor is a corporation, by members of this Class shall be retained.   If the Debtor is not a corporation, then equity ownership will include partnership property if the Debtor is a partnership or any interest in personal or real property of the Debtor if the Debtor is a limited liability company, or an individual. This Class shall be deemed to be impaired.

## ARTICLE IV

### DISPUTED CLAIMS; OBJECTIONS TO CLAIMS

4.01   The Trustee, if any, or the Debtor-in-Possession if no Trustee is appointed, may file an objection to any Claim as to its validity or amount within 120 days after the Confirmation Date.   Objections not filed within such time period shall be deemed waived.   In no event, however, shall any claimant be entitled to a double recovery, if such claimant has received any other payment during this Reorganization Case.   If an objection is filed to any Claim, payments on such Claim will be made only after entry of a Final Order of the Court allowing such Claim, at the time and in the manner provided for by such Final Order, and in accordance

with the provisions of the Plan governing the Class to which such Claim belongs. Distribution to all other claimants shall be made in the event the challenged Claim is disallowed in whole or in part.

## ARTICLE V

## MODIFICATION OF PLAN

5.01    The Debtor(s) may propose amendments or modifications to the Plan at any time prior to the Confirmation Date, with leave of Court, upon proper notice.    After entry of the Order Confirming Plan, the Trustee, if any, or the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Order Confirming Plan, in such manner as may be necessary to carry out the purpose and intent of the Plan.    A holder of a Claim that has accepted or rejected the Plan shall be deemed to have accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes its previous acceptance or rejection.

## ARTICLE VI

## SCHEDULE OF DISTRIBUTION OF PAYMENTS TO CREDITORS

Class 1-ADMINISTRATIVE CLAIMS

United States Trustee:    In addition to the filing fee paid to the clerk, a quarterly fee shall be paid to the United States Trustee for deposit in the Treasury in each case under Chapter 11 of Title 11 for each quarter (including any fraction thereof) until the case is closed, dismissed or converted to another chapter.    This fee is based upon the disbursements made each quarter by the Debtor-in-Possession, and the amount of such fees is based upon a schedule provided in the above-described statute a copy of which was provided to the Debtor-in-Possession at the beginning of the Chapter 11 case by the Office of the United States Trustee.    Such fee shall be payable on the last day of the calendar month following the calendar quarter for which the fee is owed.    The Debtor-in-Possession will continue such payments until the occurrence of one of the three events stated above.

The undersigned counsel for the debtor-in-possession estimates that the total quarterly fees the debtor will pay in this case will slightly exceed $9,500.    Since these fees will stop at the closing of the case, this will "free" funds that will then be used to help fund the chapter 11 plan.

The Cooper Law Firm:    Fees paid thus far, and fees to be paid will be paid according to the Employment Application filed by this law firm, and approved by the Court earlier in the case.    It is required that all such fees be held in escrow, until such time as an application/accounting of such fees is filed by this law firm, and approved by the Court in which case said fees that are approved can legally be transferred by law firm from escrow to the general business account.    Fees paid by the debtor thus far in this case total $40,000.    The Court has approved a prior

application/accounting of fees for this law firm in the amount of $25,000 as interim compensation.    The law firm will be required to file additional applications/accountings for approval of fees above that amount.

Kocher Dental Properties, LLC:    This creditor/lessor is owed post-petition ad valorem taxes for the year 2014 as part of the written lease of the property located at 2020 Laurel Street, Columbia, SC. the location at which the debtor operates its dental practice.    The amount of the tax obligation is $11,135.19 plus $3,100.00 in attorney's fees for a total of $14,235.19.    The debtor will pay $14,235.19 in full in cash on the "effective date of the plan", which is the 15th day after the order confirming the plan has been entered by the court.    Additionally, creditor is owed for post-petition rent, ad valorem taxes, and repairs for the year 2015 for the post-petition use of the leased premise which post-petition rent, taxes, and repairs total $33,235.37 as of September 2015.    The debtor will pay the $33,235.37 in full in cash on the "effective date of the plan", which is the 15th day after the order confirming the plan has been entered by the Court.    The debtor has reviewed the filed claims and does not contest the amount of said claim.

Class 2-PRIORITY CLAIMS

Internal Revenue Service:    This creditor filed a proof of claim on March 31, 2015 in the amount of $4,000, and an amended proof of claim on September 10, 2015, in the amount of $2,000.    This amended claim represents an estimate of the debtor's December 31, 2014, WT FICA and FUTA tax obligations.    The amended proof of claim reflects that the tax returns for those have not been filed.    The debtor disputes this.    Per the debtor's principal, and its accountant, the debtor has filed all federal tax returns that have come due, and has paid all federal tax liabilities to this creditor.    Therefore, the debtor's position is that it owes no overdue tax amounts to this creditor, and proposes to pay nothing to this creditor in this chapter 11 plan.    The debtor has filed an objection to this creditor's claim.

Richland County Treasurer:    This creditor filed a proof of claim on July 9, 2015, for personal property taxes of the debtor's equipment, inventory, etc. in the amount of $2,850.43.    The debtor has filed an objection to that claim as both its principal and its CPA confirm that all taxes owed this entity have been timely paid.

Class 3-SECURED CLAIMS

(A)    **Dr. Perry Kocher:    This creditor filed an amended proof of claim on August 5, 2015, in the amount of $232,574.76.    This creditor holds a second lien on all corporate assets per an asset purchase agreement and promissory note dated 11/25/09.    Since the value of those assets does not exceed the balance of the first lien, this creditor is unsecured.    See motion to value this claim at $0.00 below. The debtor proposes to pay this creditor the sum of $3,876.25 per month without interest until the full amount of the stated claim amount is paid, which should result in payments over a period of 60 months with payments to commence within 30 days of the effective date of the Plan.    The debtor has reviewed the filed claim and does not contest the amount of said claim.**

<u>MOTION TO VALUE CLAIM OF DR. PERRY KOCHER</u>

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Unsecured claim after valuation of lien |
|---|---|---|---|---|
| Dr. Perry Kocher | $615,000 | Republic Bank of | $232,574.76 | $232,574.76 |
| All assets | | Chicago: $615,000 | | |

(B) <u>Highland Capital Corporation</u>:   Secured by equipment known as WATERLASE IPLUS.   This creditor filed a proof of claim in the amount of $65,240.72.   The debtor proposes to pay the sum of $1,231.17 per month, which includes five (5%) percent fixed interest until the stated claim amount is paid in full, which should result in payments over a period of 60 months.

(C) <u>On Deck Capital</u>: This creditor did not file a proof of claim.   However, the debtor scheduled a debt in the amount of $166,000 secured by a third priority lien on corporate equipment, fixtures, and furnishings. Because the value of the collateral securing this debt does not exceed the amount of the first priority lien addressed below, this creditor is rendered unsecured.   The debtor has filed a motion to value this claim at $0.00.   The debtor proposes to pay this creditor the sum of $2,766.67 per month without interest over a period of 60 months.

<u>MOTION TO VALUE CLAIM OF ON DECK CAPITAL</u>

| Name of creditor and description of property securing lien | Value of debtor's interest in property | Holder and amount of superior lien | Estimate of creditors claim | Unsecured claim after valuation of lien |
|---|---|---|---|---|
| On Deck Capital | $615,000 | Republic Bank | $166,000 | $166,000 |
| All assets | | of Chicago: $615,000 | | |

8

(D) <u>Patterson Financial Services</u>:    This creditor did not file a proof of claim.    However, the debtor scheduled a debt in an amount estimated at $166,000.00.    The various contracts are identified by number below.    Through discussions with this creditor, and as agreed to by it and the debtor, payments will be re-amortized, and paid as follows in the chapter 11 plan:

<u>126083</u>:    Secured by equipment consisting of a Scanx and mounts.    The debtor has now paid this debt in full per its contractual obligations.    This will "free" the amount of $325.00 per month to help fund the chapter 11 plan.

<u>123785</u>: Secured by equipment consisting of Adec cabinets, chairs, Midmark chairs, and an m3 <u>sterilizer.</u>    The debtor has now paid this debt in full per its contractual obligations.    This will "free" the amount of $382.05 per month to help fund the chapter 11 plan.

<u>129637</u>: Secured by equipment consisting of Upholstery, symmetry, hand-piece, hardware, and physician's and assistant's stools.    The debtor has now paid this debt in full per its contractual obligations.    This will "free" the amount of $371.10 to help fund the chapter 11 plan.

<u>163545</u>: Secured by equipment consisting of a Sirona pan.    The debtor and this creditor have agreed to the following:    The balance as of August 1, 2015 was $38,015.46.    The debtor will pay $1,151.24 per month, which includes 5.9% fixed rate of interest until this debt is fully paid.    These payments will be made for 35 months with one final payment in the amount of $1,301.33.    The agreed upon payments began August 25, 2015.    The final payment is due July 25, 2018.

<u>163546</u>: Secured by equipment consisting of a Schick sensor.    The debtor and this creditor have agreed to the following:    The balance as of August 1, 2015 was $2,849.04.    The debtor will pay $352.47 per month, which includes 3.3% fixed rate of interest until this debt is fully

paid.    These payments will be made for 7 months with one final payment in the amount of $418.04.    The agreed upon payments began August 25, 2015.    The final payment is due March 25, 2016.    Thereafter, those funds will be used to help fund the chapter 11 plan.

166171: Secured by equipment consisting of a Cerec.    The debtor and this creditor have agreed to the following:    The balance as of August 1, 2015 was $104,909.96.    The debtor will pay $2,740.80 per month at 7.5% fixed rate of interest until this debt is fully paid.    These payments will be made for 43 months with one final payment in the amount of $2,470.82. The agreed upon payments began August 25, 2015.    The final payment is due March 25, 2019.

185016: Secured by equipment consisting of a Computer System Server.    The debtor and this creditor have agreed to the following:    The balance as of August 1, 2015 was $5,762.52. The debtor will pay $219.27 per month, at 6.5% fixed rate of interest until this debt is fully paid.    These payments will be made for 28 months with one final payment in the amount of $95.48.    The agreed upon payments began August 25, 2015.    The final payment is due December 25, 2017.

(E) Republic Bank of Chicago: This creditor did not file a proof of claim.    However, the debtor scheduled a debt in the amount of $615,000.00 secured by a first priority lien on all corporate equipment, fixtures and furnishings of the corporation.    The debtor proposes to pay the sum of $6,523.03 per month, which includes five (5%) percent fixed interest, which results in payments over a period of 120 months.

Class 4.    Judgment Creditor Claims and Mechanics Liens:    None

Class 5.    <u>Executory Contracts and Unexpired Lease</u>

All Contracts which existed as of the Filing Date between the Debtors and any individual or entity, whether such contract be in writing or oral, which have not heretofore been accepted by Final Order or in the Plan of Reorganization, are hereby specifically rejected.   Any person or entity claiming rights under an executory contract or unexpired lease rejected pursuant to the provisions of this Article or 11 U.S.C. Section 365 shall have thirty (30) days after the service of the chapter 11 plan to file a proof of claim, or such additional time as the Court, before that date, may allow.

<u>Kocher Dental Properties, LLC</u>: Lease of building used as corporate practice for $5,883 per month.   The debtor as tenant, and Kocher as landlord will enter into a new lease for a 60 month period with the debtor's principal executing a six month personal guarantee for the corporate lease.   This new lease will incorporate monthly lease payments, plus ad valorem taxes of 1/12 the annual such taxes in order that the landlord will ensure it holds sufficient funds to pay the annual taxes in a timely manner.   Upon the execution of the new lease and personal guaranty agreement and confirmation of the Plan, the landlord, will withdraw its motion to terminate lease, and its motion for damages for rejection of lease by debtor in the current amount of $84,831.19.   The undersigned attorney for the debtor currently holds in escrow all monthly lease payments for June, July, August, and September, 2015, plus the pro rata ad valorem taxes for January through September, 2015, and funds for reimbursement of certain repairs that have been made to the leased premises that will be turned over to the landlord upon the "effective date of the plan" which is the 15th day after the Order confirming the chapter 11 plan is entered.   The amount of those funds currently held in escrow by the debtor's attorney equals $33,235.37.   The debtor has reviewed the filed claim and does not contest the amount of said claim.

<u>Watermark Medical</u>: Lease of home sleep testing equipment for $660.00 per month.   By agreement between the parties, the debtor surrendered the collateral securing this debt months ago in exchange for the balance of the debt. Therefore, no further payments will be made to this entity.   This will "free" funds to help fund the chapter 11 plan.

Class 6:   Members of this impaired class shall be paid one (100%) percent of their claims without interest beginning on the "effective date of the plan", which is the fifteenth day after the Order Confirming the Chapter 11 Plan has been entered.

Brasseler USQA.: This creditor did not file a proof of claim.   However, the debtor scheduled a debt in the amount of $1,000.00.   The debtor has now paid this debt in full per its contractual obligations.   This will "free" funds to help fund the chapter 11 plan.

Clinician Choice Dental Products: This creditor did not file a proof of claim.   However, the debtor scheduled a debt in the amount of $800.00.   The debtor has paid this debt in full per its contractual obligations. This will "free" funds to help fund the chapter 11 plan.

DenMat: This creditor did not file a proof of claim.   However, the debtor scheduled a debt in the amount of $1,500.00.   The debtor has paid this debt in full per its contractual obligations.   This will "free" funds to help fund the chapter 11 plan.

Henry Schein:   This creditor did file a proof of claim in the amount of $5,379.69.   The debtor proposes to pay the claim at one hundred percent (100%) without interest over a 60 month period, which results in monthly payments of $89.66.

Patterson Dental Supply:   This creditor did not file a claim.   However, the debtor listed a debt owed to this creditor in its bankruptcy schedules in the amount of $10,000, which was an incorrect underestimated amount.   The pre-petition figure is actually $28,000.   The debtor proposes to pay the debt at one hundred percent (100%) without interest over a 60 month period, which results in monthly payments of $466.67.

Sherer Dental :   This creditor did not file a proof of claim.   However, the debtor listed a debt in its bankruptcy in the amount of $7,000.   The actual balance is $5,600.   The debtor proposes to pay the debt at one

hundred percent (100%) without interest over a 60 month period, which results in monthly payments of $93.33.

YP:    This creditor did not file a proof of claim.    However, the debtor scheduled a debt in the amount of $11,000.00.    The actual balance is $15,000.    The debtor proposes to pay the claim at one hundred percent (100%) without interest over a 60 month period, which results in monthly payments of $250.00.


## ARTICLE VII

Although 11 U.S.C. Section 1141(b) vests Property in the Debtor-in-Possession upon Confirmation of the Plan, the Debtor-in-Possession agrees that if after Confirmation of the Chapter 11 Plan but before the entry of a Final Decree, the case should be converted to one under Chapter 7 of the Code, property of the Estate in the Chapter 11 case shall be Property of the Estate in such converted case.


## ARTICLE VIII

### CREDITOR RIGHTS UPON DEFAULT

Should the Debtor default in payments to a Creditor for a period in excess of thirty (30) days from its due date, such Creditor may seek redress in state or federal court for breach of contract, because the Debtor's Chapter 11 Plan of Reorganization once confirmed by the Bankruptcy Court becomes a new contract enforceable by both Debtor and Creditor.


## ARTICLE IX

### SANCTIONS FOR FAILURE TO COMPY WITH CONFIRMED PLAN

(a)    TAKE NOTICE THAT any parties' failure to conform to the terms of the Confirmed Chapter 11 Plan may subject such party to sanctions, including damages, attorney's fees and potential punitive damages.    11 USC section 1141(a) states as follows:    Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, and other entities bound by it.    Section 1141(a) identifies the parties bound by a confirmed plan.    Subject to some exceptions, section 1141(a) provides that any entity directly affected by the plan is bound by its provisions.    See, e.g. CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999) (section 1141binds all creditors "including feuding creditors").    Section 1141 binds creditors, whether or not impaired, and whether or not the creditor voted to accept the plan.    See, e.g. Varat Enterprises, Inc. 81 F.3d 1310, 1315, 28 Bankr. Ct. Dec (CRR) 1262 (4th Cir. 1996).

(b)    The court may order the debtor or any other necessary party to ...and to perform any other act... that is necessary for the consummation of the plan.    When a Chapter 11 plan is confirmed, section 1142 mandates that the debtor and other parties in interest abide by the provisions of the confirmed plan, and the order of confirmation.    Section 1142 overlaps with section 1141(a) as authority for the

13

proposition that confirmation of a plan binds the debtor and other interested parties to the terms of the plan.    See, e.g. Pearson Bros. Co., Inc. v. Pearson, 113 B.R. 69, 479 (C.D. Ill. 1990). (section 1142(a) binds the debtor and all other parties to the plan).    Section 1142(b) authorizes the court "to ensure that the parties fulfill the intent and specific provisions of the plan."    U.S. v Unger, 949 F.2d 231,234 (8th Cir. 1991)

(c)    In the matter of Terrebonne Fuel and Lube, Incorporated v Placid Refining Company, 108 F.3d 609, (Fifth Cir. 1997), the Fifth Circuit Court of Appeals faced the issue of whether or not the Bankruptcy Court had the authority to issue a civil contempt order for a creditor, Placid's, violation of a confirmed chapter 11 plan under section 1141(a) and order of confirmation in the form of a section 524 discharge injunction.    That Court ruled as follows:    The language (of section 105) is unambiguous.    "Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.    We find that an order, such as the one entered by the bankruptcy court, which compensates a debtor for damages suffered as a result of a creditor's violation of a post-confirmation injunction under 11 U.S.C. section 1141, was both necessary and appropriate to carry out the provisions of the bankruptcy code."

(d) See also 11 USC section 524(i) that was added to the Bankruptcy Code by Congress in the Reform Act of 2005 ("BAPCPA").    It provides that if a creditor willfully fails to credit payments received pursuant to a confirmed plan, the failure constitutes an injunction under section 524(a)(1) if the debtor was materially injured.    Some courts have recognized this injunction for failure of a creditor to properly credit payments received from a debtor under a confirmed chapter 11 plan in spite of the fact that no section 524(a)(1) formal discharge was entered.    See for example, In re Houlik, BR Ct Dis. Of Kansas.    Because the defendant creditor failed to properly account for the debtors' payments under their confirmed chapter 13 plan, the debtors are entitled to damages, including attorney's fees, and punitive damages.


### ARTICLE X

### JURISDICTION

Subsequent to confirmation of the Plan, the Court will retain jurisdiction to hear and determine all claims against the Debtor and to enforce all appropriate causes of action which exist on behalf of the Debtor.    The Court shall also retain jurisdiction to implement the payout provisions of the Plan, to issue any orders in connection with the Plan or these proceedings, to hear and decide applications for compensation and reimbursement of expenses, to resolve objections to claims, adversary proceedings and to ultimately close the Estate.    Finally, this Court will retain jurisdiction until the Final Decree is issued and the case is closed at which time jurisdiction ends, except as otherwise stated in this Chapter 11 Plan, the Court's Order Confirming Plan, Final Decree or as otherwise provided for by the FRBP and/or Code.

The Debtor shall perform all acts necessary to consummate the Plan.

Robert H. Cooper, Dist. Ct. ID #5670

THE COOPER LAW FIRM

Attorneys for the Debtors

150 Milestone Way, Suite B

Greenville, South Carolina    29615

(864) 271-9911 phone

(864) 232-5236 facsimile

rhcooper@thecooperlawfirm.com

Dated:    This 23rd day of September, 2015

Greenville, South Carolina.